E-FILED; JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8671-GHK (ASx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | *Francisco Mendoza v. Host International, Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: | |
| None | None | |

**Proceedings:**     **(In Chambers) Order re:** Plaintiff's Motion to Remand [Dkt. No. 13]

      This matter is before us on Plaintiff's Motion to Remand ("Motion"). We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.     Background**

      On September 10, 2013, Plaintiff Francisco Mendoza filed this action against Host International, Inc., HMS Host Family Restaurants, Inc., HMS Host USA, Inc. (collectively "Host"), Gallagher Bassett Services, Inc. ("GBS"), and individual defendants Elizabeth Valenzuela and Jennifer Filart in state court. On November 25, 2013, Host and GBS removed the action to this court on the basis of diversity jurisdiction. Plaintiff now moves to remand the action to state court. The Parties do not dispute that the individual defendants are California residents who would destroy diversity. Defendants contend, however, that these individuals are sham defendants who were fraudulently joined.

      The First Amended Complaint ("FAC") alleges that Plaintiff suffered several work-related injuries while working as a cook for Host, and that he subsequently filed a worker's compensation claim for these injuries with GBS, Host's worker's compensation carrier. (FAC ¶¶ 22, 24, 26, 27). As a result of these injuries, in June 2012 Plaintiff's doctor restricted him from lifting more than ten pounds. (*Id.* ¶ 30). After receiving this instruction from his doctor, Plaintiff sought a reasonable accommodation from Host, but this request was denied. (*Id.* ¶¶ 28, 29). Despite not receiving an accommodation, Plaintiff continued to work satisfactorily as a cook full-time until he received a termination letter on September 11, 2012. (*Id.* ¶¶ 23, 31, 32). The letter, which was signed by Filart (Host's Human Resources Manager), explained that Plaintiff was terminated because Host was unable to accommodate Plaintiff's permanent work restrictions, and it had been advised by Valenzuela at GBS that Plaintiff had been put on permanent restrictions by his doctor. (*Id.* ¶ 32). Based on these allegations, Plaintiff asserts three claims against the non-diverse defendants: (1) defamation; (2) conspiracy: aiding and abetting tort (Valenzuela only); and (3) retaliation in violation of the California Family Rights Act (Valenzuela only).

**II.     Legal Standard**

**E-FILED; JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8671-GHK (ASx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | *Francisco Mendoza v. Host International, Inc., et al.* | | |

A defendant's burden to establish fraudulent joinder is a "heavy" one. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). A defendant is fraudulently joined only "[i]f a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Id.* (quotation marks omitted); *accord Hunter*, 582 F.3d at 1044 ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)). Moreover, a defendant must prove fraudulent joinder "by clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), and "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleadings must be resolved in favor of remand," *Archuleta v. Am. Airlines, Inc.*, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000).

**III.    Discussion**

To have a potentially viable defamation claim against a non-diverse defendant, Plaintiff must be able to allege that Valenzuela or Filart (i) intentionally published a statement of fact that is (ii) false, (iii) unprivileged, and (iv) which tends to injure him in his profession. *See* Cal. Civ. Code §§ 45, 46; *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999). Here, Plaintiff alleges that both Valenzuela and Filart told third-parties that he was unable to do his job and that he would have jobs restrictions for life. (FAC ¶¶ 122, 125). If, as Plaintiff alleges, these statements were false, there is little doubt they tend to injure Plaintiff in his profession.

Defendants argue that the statements were privileged under California Civil Code § 47(c). This section creates a "common interest" privilege "where the communicator and the recipient have a common interest and the communication is of a kind reasonably calculated to protect or further that interest." *Williams v. Taylor*, 129 Cal. App. 3d 745, 751 (1982). Work-related communications among a company's employees generally fall squarely within the common interest privilege. *See, e.g.*, *Kelly v. Gen. Tel. Co.*, 136 Cal. App. 3d 279, 285 (1982). An employee's communication to people outside the company may also be privileged if it is sufficiently related to a common interest. *See Williams*, 129 Cal. App. 3d at 751 (finding statements by the president of a body shop to insurance adjusters who referred business to the shop concerning the manager's termination for theft privileged because the statements were intended to protect the interests of both the body shop and the insurance adjusters). Here, Plaintiff alleges that Valenzuela published defamatory statements to Filart. (FAC ¶ 32). This communication would have a sufficient relation to the companies' shared interest in the fitness of Host's employees to fall within the ambit of the common interest privilege.

However, Plaintiff also vaguely alleges that, while the identities of the recipients of the

**E-FILED; JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8671-GHK (ASx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | *Francisco Mendoza v. Host International, Inc., et al.* | | |

statements are unknown to him at this time, both Valenzuela and Filart republished the defamatory statements to unnamed other employees of GBS/Host and to "the community." (FAC ¶¶ 124, 127). Assuming it is true that other GBS/Host employees and people in the broader community received the false information, it is unclear whether these recipients included any people who lacked a shared interest in GBS/Host's business and whether the communications were reasonably calculated to further that interest. As such, we cannot assess whether all of the alleged communications fall within the confines of the common interest privilege. Although Plaintiff's sparse factual allegations about the context of Valenzuela and Filart's alleged defamatory statements to their co-workers and to "the community" would not withstand a motion to dismiss, Defendants have not set forth clear and convincing evidence that there is no possibility Plaintiff could cure this deficiency in his FAC. In light of Plaintiff's allegations that the defamatory communications have had a negative impact on his professional reputation and ability to find a new job (*see* FAC ¶¶ 132, 133), a "nonfanciful possibility" exists that, upon amendment, Plaintiff could plead facts showing that the allegedly defamatory statements were republished outside of GBS/Host and that the common interest privilege may not apply. *See Morales v. Gruma Corp.*, 2013 WL 6018040, at *4-5 (C.D. Cal. Nov. 12, 2013). Accordingly, Defendants have failed to satisfy their heavy burden to establish fraudulent joinder. *See id.*

Moreover, even if we assume there is no possibility Plaintiff can allege that the defamatory statements were made to someone with whom Valenzuela and Filart lacked a common interest, Defendants would not be insulated by the common interest privilege if they made the false statements with malice. *See* Cal. Civ. Code § 47(c); *Cuenca v. Safeway S.F. Emps. Fed. Credit Union*, 180 Cal. App. 3d 985, 995 (1986). Plaintiff's FAC explicitly alleges that both Valenzuela and Filart published the "obviously false statements" with hatred, ill will, and knowledge that they were false. (*Id.* ¶¶ 130, 131, 132, 134). Although these malice allegations are conclusory in their current state, we cannot say that there is no possibility that Plaintiff can state a defamation claim against either Valenzuela or Filart. *See, e.g.*, *Hernandez v. First Student, Inc.*, 2010 WL 5313293, at *5 (C.D. Cal. Dec. 16, 2010) ("[Determining] [w]hether the statements in question are protected by Cal. Civ. Code § 47(c) . . . requires inquires into the motives of those engaged in the communications and are not appropriate for this stage of the action."). Furthermore, Plaintiff's implicit allegation that Valenzuela and Filart were acting in retaliation for his workplace injuries and subsequent disability suggests he potentially has facts to support his malice allegation. *See Chew v. Williams Lea, Inc.*, 2007 U.S. Dist. LEXIS 64800, at *6-7 (N.D. Cal. Aug. 22, 2007). In sum, even though Defendants are correct that the FAC has pleading deficiencies, these pleading deficiencies do not mean that Valenzuela and Filart were fraudulently joined. *See, e.g.*, *Olivares v. Sears Holding Corp.*, 2009 WL 1505288, at *3-4 (N.D. Cal. May 27, 2009). Because Defendants have not shown by clear and convincing evidence that it is impossible for Plaintiff to state a defamation claim against Valenzuela and Filart, Defendants' fraudulent joinder argument fails.

**E-FILED; JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8671-GHK (ASx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | *Francisco Mendoza v. Host International, Inc., et al.* | | |

### IV.     Conclusion

Based on the foregoing, there is no diversity jurisdiction in this case and Defendants' removal was improper.  Accordingly, Plaintiff's Motion is **GRANTED**, and this matter is remanded to the state court from which it was improvidently removed.  As a result, GBS's and Filart's Motions to Dismiss are **DENIED without prejudice** to their renewal in state court.  [Dkt. Nos. 4, 5].

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |